**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Marilyn Scott,

       Plaintiff,

v.

United States of America,

       Defendant.

No. CV-25-08126-PCT-KML

**ORDER**

In 2022, an employee of the Tuba City Regional Health Care Corporation ("TCRHCC") was involved in a car accident which injured Marilyn Scott and killed her husband Roger. TCRHCC is a federally-supported nonprofit corporation and the United States may be liable for certain torts committed by its employees. Scott filed a lawsuit under the Federal Tort Claims Act ("FTCA") alleging negligence and negligence per se against the United States. (Doc. 1.) The United States moved to dismiss the claims for lack of subject matter jurisdiction, arguing Scott did not timely present her administrative claim. (Doc. 9.) Its motion is denied. Scott also filed a notice of supplemental authority (Doc. 16), which the United States moves to strike (Doc. 17). That motion is granted.

## I. Factual Background

TCRHCC, located on Navajo Tribal land and owned by the Navajo Nation, is a nonprofit corporation that provides health care to Native Americans. (Doc. 1 at 2.) It operates pursuant to an agreement with Indian Health Services ("IHS"), an agency within the Department of Health and Human Services ("HHS"), to provide medical care to

Native Americans. (Docs. 9 at 2, 5; 12 at 9.) The United States has expressly agreed it may be liable under the FTCA for torts committed by employees of entities like TCRHCC. (Docs. 9 at 2; 12 at 7-8.)

On December 7, 2022, Scott and her husband Roger were in a car accident allegedly caused by Leah McManus, a TCRHCC employee who was driving a TCRHCC vehicle at the time. (Docs. 1 at 2; 9 at 2.) Scott suffered "severe and permanent injuries" in the collision and Roger was killed. (Doc. 1 at 4.)

Almost two years later, on November 27, 2024, Scott sent an administrative claim to multiple federal addresses, giving notice of a tort claim and requesting $10 million. (Doc. 1 at 3.) She initially alleged each recipient received the claim "on or before December 6, 2024" (Doc. 1 at 3), but subsequently provided evidence of the following dates of receipt.

| Agency | Date received[1] |
| --- | --- |
| Navajo Area Indian Health Service | December 6, 2024 |
| TCHRCC | December 5, 2024 |
| IHS | December 5, 2024 |
| United States Attorney's Office, District of Arizona | December 2, 2024 |
| HHS, Office of General Counsel | December 12, 2024 |
| HHS, Secretary | December 12, 2024 |
| Department of Justice ("DOJ"), Attorney General | December 9, 2024 |

(Docs. 12 at 2-3; 12-2 at 2-25). She did not receive a decision from any agency. (Doc. 1 at 3.) In June 2025, she filed a complaint under the FTCA alleging negligence and negligence per se against the United States. (Doc. 1 at 4-5.) The United States moved to

---

[1] Scott lists dates provided by certified mail receipts as well as those provided by USPS tracking, some of which are different. (Doc. 12 at 2-3.) The court considers the certified mail receipts because certified tracking is more reliable. *See Sembiring v. Gonzales,* 499 F.3d 981, 982 (9th Cir. 2007) (discussing "strong presumption" of effective service by certified mail). The United States also provides evidence HHS received one claim December 10, 2024 and another supplement with information about Scott's sons December 12, 2024. (Doc. 9 at 5.) None of these discrepancies straddle the deadline for submitting an administrative claim, so they do not impact the timeliness analysis.

dismiss those claims due to lack of subject matter jurisdiction. (Doc. 9 at 6.)

## II.    Legal Standard

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (simplified). In a factual attack like the one here (Docs. 9 at 3; 12 at 4), "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve a factual attack, courts "may review evidence beyond the complaint" and "need not presume the truthfulness of the plaintiff's allegations." *Id*.

## III.    Analysis

The United States "can be sued only to the extent that it has waived its immunity." *United States v. Orleans*, 425 U.S. 807, 814 (1976). The FTCA waives the United States' sovereign immunity for torts committed by federal employees "under situations where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). But a federal court does not have subject matter jurisdiction over an FTCA claim unless the claimant has exhausted her administrative remedies by presenting the claim to the appropriate federal agency and either waiting six months or receiving the agency's final denial of the claim before filing a lawsuit. 28 U.S.C. § 2675(a). A claim is properly presented when the agency receives a written statement which (1) describes the injury in enough detail the agency can investigate and (2) includes a "sum certain damages claim." *Blair v. I.R.S.*, 304 F.3d 861, 864 (9th Cir. 2002) (simplified); *Vacek*, 447 F.3d at 1251-52.

The claim must be presented within two years after it accrues and is considered complete only on the date it is received by the "appropriate Federal agency" (or one of multiple appropriate agencies). 28 U.S.C.A. § 2401(b); 28 C.F.R. § 14.2; *see Bailey v. United States*, 642 F.2d 344, 346-47 (9th Cir. 1981) (affirming dismissal where plaintiff sent claim but it was not received within two years after accrual). Courts interpret these

exhaustion requirements strictly and may not "proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff." *Vacek*, 447 F.3d at 1250 (dismissing claim timely sent but not timely received); *Bailey*, 642 F.2d at 347 (same).

The car accident which gave rise to Scott's negligence claims occurred on December 7, 2022, so her FTCA administrative claim needed to be received by the appropriate agency by December 7, 2024.[2] 28 U.S.C.A. § 2401(b). Only her claims to the Navajo Area Indian Health Service, TCHRCC, IHS, and the District of Arizona U.S. Attorney's Office arrived by that date. (Doc. 12 at 2-3.) The United States argues that although IHS is an agency within HHS and TCHRCC operates pursuant to an IHS agreement, the only appropriate agency to receive the claim was HHS. (Doc. 15 at 5.) Because HHS did not receive the claim in the two-year window, according to the United States, the court lacks jurisdiction and must dismiss Scott's claims. (Doc. 9 at 5.)

Scott argues she should benefit from constructive filing, a rule providing that if a claimant sends a claim to the incorrect federal agency, that agency has an "affirmative dut[y]" to quickly transfer the claim to the appropriate agency. *Ortiz ex rel. Ortiz v. United States*, No. CIV F03-6541 AWISMS, 2007 WL 404899, at *11, 17 (E.D. Cal. Feb. 2, 2007). If the incorrect agency fails to transfer a timely-received claim, courts will nonetheless construe the improperly-presented claim as having been timely filed. *Id*. at *11; *see also Bojorquez v. United States*, No. 2:25-CV-5704-CBM-E, 2026 WL 103973, at *3 (C.D. Cal. Jan. 8, 2026). But "claimants who wait to the last minute or the eleventh hour and file with the wrong agency cannot take advantage of constructive filing." *Ortiz*, 2007 WL 404899 at *11, *17 (compiling cases finding constructive filing does not apply to claims presented up to eighteen days before they expired); *see Dye v. United States*

---

[2] December 7, 2024 was a Saturday. If Fed. R. Civ. P. 6(a) applies, Scott had until Monday, December 9, 2024 to present her claims. *See Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987) (applying Rule 6(a) in FTCA context). But given the dates of receipt, whether the claim needed to be received by December 7 or December 9 does not change the analysis in this case.

*Gov't*, No. 16-CV-06882-KAW, 2018 WL 1091161, at \*6 (N.D. Cal. Feb. 28, 2018). Having been presented at the earliest just four days before they expired (Doc. 12 at 2), Scott's claims were too last-minute to be deemed constructively filed. *Ortiz*, 2007 WL 404899, at \*11.

Scott also argues because TCRHCC activities gave rise to the claim and TCRHCC operates under an agreement with IHS, both TCRHCC and IHS qualify as "appropriate federal agenc[ies]" for FTCA filings (Doc. 12 at 7-8). *Cf. Dickman v. United States*, No. 02CV2371-BEN (WMC), 2006 WL 8455252, at \*5 (S.D. Cal. Mar. 8, 2006) (finding independent contractor does not qualify as FTCA agency because "United States did not have 'substantial supervision' over [its] day-to-day operations"). The United States does not contest IHS and TCRHCC activities gave rise to the claim, but it argues only HHS qualifies as the appropriate agency for receiving an administrative claim. (Doc. 15 at 4-5.) It primarily relies on directions on IHS's website telling claimants to file FTCA claims with HHS General Counsel. (Doc. 15 at 5.) But the United States does not cite, and the court has not found, any authority holding the failure to follow directions on a website can preclude subject matter jurisdiction over a claim that meets the statutory requirements for presentment.

Neither party has pointed to definitive guidance on what qualifies as an agency under the FTCA. The relevant statute, 28 U.S.C. § 2671, defines "Federal agency" as "includ[ing] the executive departments . . . of the United States." HHS would certainly qualify under this definition. The United States does not dispute that IHS and TCRHCC are sub-units or components of HHS. So, the question crucial to resolving the motion to dismiss is whether a claimant's timely presentment of a claim to a component of an appropriate agency suffices for FTCA exhaustion.

As the Third Circuit recently explained, it can. It is permissible to send a claim to "a component of the appropriate agency[,]" because claimants are not required "to thoroughly familiarize themselves with the organizational intricacies of their tortfeasor." *Freeman v. Lincalis*, 158 F.4th 166, 176 (3d Cir. 2025). Other courts have reached the

same conclusion. *Scogin v. United States*, No. CIV.A. L-12-20, 2013 WL 391164, at *3 (S.D. Tex. Jan. 30, 2013) (finding exhaustion where claim was presented to TSA, an "office or entity" of appropriate agency DHS); *Morigeau v. United States*, No. CV 04-228-M-DWM, 2006 WL 8435854, at *4 (D. Mont. Sept. 19, 2006) (finding exhaustion where claim was presented to tribe, which was deemed part of appropriate agency BIA); *see also Briley v. United States*, No. 1:16CV505(LO/IDD), 2016 WL 5402216, at *5 (E.D. Va. Sept. 26, 2016) (no presentment where plaintiff did not present claim to appropriate agency *or* its "components"). These decisions do not conflict with the statutory text, which "includes" executive departments in the definition of "agency" but does not speak to their components. *Fed. Trade Comm'n v. MTK Mktg., Inc.*, 149 F.3d 1036, 1040 (9th Cir. 1998) (the word "include" in statutory construction "does not connote limitation," but rather "extension or enlargement").

Accordingly, though online instructions designate HHS General Counsel as the proper FTCA claim recipient for all agencies under the HHS umbrella, the United States has provided no legal reason why timely filing with an HHS component agency should not count as exhaustion under the relevant statutes and regulations. In timely presenting her claims to IHS and TCRHCC and waiting over six months to file suit, Scott exhausted her administrative remedies.

## IV.   Motion to Strike

The court's preliminary order warned Scott that "[n]otices of supplemental authority . . . are limited to 350 words[.]" (Doc. 5 at 2.) She made no effort to comply with that order, having filed a notice (Doc. 16) that includes no new authority and consists primarily of additional arguments she could have made in her response. *See ThermoLife Int'l LLC v. Aesthetic Distribution, LLC*, No. CV-19-02048-PHX-DJH, 2020 WL 12581996, at *1 n.2 (D. Ariz. Jan. 7, 2020) (parties may not include additional arguments in notice of supplemental authority); *Jones v. Metro. Life Ins. Co.*, No. C-08-02971-JW(DMR), 2019 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2019) ("a court may strike material from the docket . . . reflecting . . . lack of compliance with court rules or

orders.").

Accordingly, the United States' motion to strike (Doc. 17) is granted.

**IT IS ORDERED** the Motion to Dismiss (Doc. 9) is **DENIED**. The Motion to Strike (Doc. 17) is **GRANTED**.

**IT IS ORDERED FURTHER ORDERED as follows**:

The parties are directed to meet, confer, and develop a Rule 26(f) Joint Case Management Report, which must be filed **within 4 weeks of the date of this order**. It is the responsibility of plaintiff(s) to initiate the Rule 26(f) meeting and prepare the Joint Case Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report.

The Joint Case Management Report shall contain the following information in separately-numbered paragraphs.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report;

2. A list of all parties in the case, including any parent corporations or entities (for recusal purposes);

3. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared;

4. A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings;

5. The names of any parties not subject to the court's personal (or *in rem*) jurisdiction;

6. A description of the basis for the court's subject matter jurisdiction, citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332;

7. A short statement of the nature of the case (no more than three pages),

including a description of each claim, defense, and affirmative defense;

8.   A listing of contemplated motions and a statement of the issues to be decided by those motions;

9.   Whether the case is suitable for reassignment to a United States Magistrate Judge for all purposes or suitable for referral to a United States Magistrate Judge for a settlement conference;

10.  The status of any related cases pending before this or other courts;

11.  A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced;

12.  A discussion of any issues relating to claims of privilege or work product;

13.  A discussion of necessary discovery, which should take into account the December 1, 2015 amendments to Rule 26(b)(1) and should include:

   a.   The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

   b.   Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

   c.   The number of hours permitted for each deposition. The parties also should consider whether a total number of deposition hours should be set in the case, such as twenty total hours for plaintiffs and twenty total hours for defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses;

14.  Proposed deadlines for each of the following events. In proposing deadlines, the parties should keep in mind the Case Management Order will contain deadlines to govern this case and once the dates have been set the

court will vary them only upon a showing of good cause. A request by counsel for extension of discovery deadlines in any case that has been pending more than two years must be accompanied by a certification stating the client is aware of and approves of the requested extension. The court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension. The parties must propose the following:

a.    A deadline for the completion of fact discovery, which will also be the deadline for pretrial disclosures pursuant to Rule 26(a)(3). This deadline is the date by which all fact discovery must be *completed*. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by the deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the court will not entertain discovery disputes after this deadline;

b.    Dates for full and complete expert disclosures and rebuttal expert disclosures, if any;

c.    A deadline for completion of all expert depositions;

d.    A date by which any Rule 35 physical or mental examination will be noticed if such an examination is required by any issues in the case;

e.    A deadline for filing dispositive motions;

f.    Case-specific deadlines and dates, such as the deadline to file a motion for class certification or a date on which the parties are available for a *Markman* (patent claim construction) hearing;

g.    A date by which the parties shall have engaged in face-to-face good faith settlement talks;

h.    Whether a jury trial has been requested and whether the request for a jury trial is contested, setting forth the reasons if the request is

contested;

    i.    Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1;

15.    A statement indicating whether the parties would prefer that the court hold a case management conference before issuing a scheduling order—and, if so, an explanation of why the conference would be helpful.

**IT IS FURTHER ORDERED** the parties shall file a proposed Case Management Order containing all the proposed dates at the same time they file the Rule 26(f) Case Management Report. The proposed Case Management Order must also be emailed in Word format to Lanham_Chambers@azd.uscourts.gov.

Dated this 13th day of April, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**